## Atlantic Plastics, Inc. v. Scientronic Corp.

*Paul Kraft,* for plaintiff.
*Eli Raitport,* p. p.

SABO, J., January 23, 1975.—

### FACTS

In the instant case, plaintiff, Atlantic Plastics, Inc., filed an action in assumpsit for services rendered.

In its answer, defendant, Scientronic Corp., included a counterclaim on behalf of Eli Raitport, who is not a party to the suit.

Eli Raitport now seeks to discover under Pa. R.C.P. 4009(1) all "Orders, bills, invoices and agreements between the two parties and any correspondence with third parties in relation to said transactions."

Plaintiff objects to the discovery on dual grounds: first, that Eli Raitport is not a party, and is, therefore, not entitled to discovery, and, second, that the discovery is violative of Pa. R.C.P. 4011, Limitation of Scope of Discovery and Inspection.

## LAW

Parties to an action are those who are named as such in the record and are properly served with process or enter an appearance or are otherwise brought into the action. It is necessary that the plaintiff and defendant both should be brought by name upon the record: Eberly v. Salisbury, 58 D. & C. 2d 122 (1972). Furthermore, Pa. R.C.P. 1018, requires that the caption shall set forth the names of all parties to the action.

This decision is also grounded on Pa. R.C.P. 2177, which requires that all actions by and against corporations must be brought in their corporate names. Under this rule, which codifies prior practice, an individual member of a corporation may not sue or be sued to account for an action which arose while doing business as a corporation or while acting as its legitimate agent: Barrett, Haentjens & Co. v. Anthracite Fine Coals, Inc., 63 Schuyl. 159 (1967).

Rule 2177 is applicable without requiring the plaintiff to allege that the occurrence arose out of "doing business," so long as the "legal effect of the acts charged constitute 'doing business,'" the suit must be brought in the corporate name: Zanakis v. S. S. Kresge Company, 51 Wash. Co. 102 (1970).

The present action is a suit by a corporation (Atlantic Plastics) against a corporation (Scientronic Corporation) based on an alleged failure of the defendant to render services. The required services arose out of a contract entered into by Atlantic Plastics and Scientronic while "doing business" as corporations. Therefore, the only parties to this action are Atlantic Plastics, Inc., the plaintiff, and Scientronic Corporation, the defendant.

Discovery is sought by Eli Raitport under Rule 4009(1) which states that "the court, on motion of a party may (1) order a party to produce and permit

inspection, . . . of . . . documents." Pa. R.C.P. 4009(1). (Emphasis supplied.)

Under the law as noted, Mr. Raitport is in no way considered a party to this action. He is, therefore, not entitled to the benefits of discovery.

It is not necessary to inquire into the merits of the plaintiff's alternative argument as we have decided that the party moving for discovery has no standing to request discovery.

Therefore, and for the above-stated reasons, defendant's motion for the production of tangible evidence on behalf of Eli Raitport shall be stricken.